**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3199
_____

SAMUEL O. ARAOYE,

Appellant

v.

CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-00719)
District Judge: Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 13, 2023

Before: JORDAN, CHUNG, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: June 20, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Samuel Araoye appeals pro se from the District Court's order granting summary judgment against him in this employment-discrimination lawsuit that he brought against the City of Philadelphia ("the City") and others. For the following reasons, we will affirm the District Court's judgment.

I.

In 2014, the City hired Araoye as an accountant trainee, and it promoted him to an accountant position the following year. In 2017, the City promoted him again, this time to an accountant-supervisor position, which was subject to a six-month probationary period. Araoye received two performance evaluations during that period; the first rated his performance as "superior," but the second rated his performance as "unacceptable." Thereafter, at or near the end of the probationary period, he received a rejection notice for the accountant-supervisor position. "The notice described a number of issues related to his work performance, including missing [documents], a disorganized workstation, improper delegation of work to subordinates, failure to follow priorities, and working unauthorized overtime hours." (Dist. Ct. Mem. Op. entered Oct. 31, 2022, at 1-2.)

In view of the rejection notice, Araoye was reinstated to his accountant position. He subsequently reapplied for the accountant-supervisor provision, but he was removed from consideration due to the rejection notice and his poor second evaluation. Later, in 2019, he resigned from his employment with the City.

Shortly after Araoye received the rejection notice, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that the City had discriminated against him on the basis of his race, color, and national origin.[1] The EEOC dismissed the complaint and issued a right-to-sue letter. Thereafter, in 2019, Araoye filed a pro se complaint in the District Court against several City employees and a union vice president, raising claims under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964. The defendants then moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In 2020, the District Court granted those motions, concluding, inter alia, that the ADA claim was unexhausted and that the Title VII claim could only be brought against the City.

Thereafter, the District Court granted Araoye's motion for permission to file an amended complaint. His amended complaint named the City as the lone defendant and raised claims under Title VII, the Pennsylvania Human Relations Act ("PHRA"), and 42 U.S.C. § 1981. The City subsequently moved to dismiss the Title VII and PHRA claims as time-barred, while Araoye filed multiple motions to file a *second* amended complaint that would revise the first amended complaint by adding the previously dismissed individual defendants. The District Court denied Araoye's motions to further amend and granted the City's partial motion to dismiss.

---

[1] Araoye is Black and was born in Nigeria.

All that remained was Araoye's § 1981 claim, which alleged that the City had discriminated against him on the basis of his race. After discovery, the City and Araoye filed cross-motions for summary judgment. On October 31, 2022, the District Court rejected Araoye's arguments and granted the City's motion. The District Court concluded that (1) "Section 1981 does not provide an implied private cause of action," [2] and (2) even if Araoye's § 1981 claim were treated as a claim under 42 U.S.C. § 1983, it would lack merit because he "fail[ed] to demonstrate his alleged statutory injuries were caused by an official policy or custom of the City as required under [Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)]." (Dist. Ct. Mem. Op. entered Oct. 31, 2022, at 5, 7.)[3] This timely appeal followed.[4]

II.

Araoye's briefing here is far from a model of clarity. Although we construe his briefing liberally, see Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (noting a court's obligation to liberally construe pro se filings), we cannot conclude that his

---

[2] Although there is a § 1981 private right of action against individuals, in denying Araoye's motion to file a second amended complaint, the District Court explained why adding the individual defendants to Araoye's § 1981 claim would have been futile.

[3] The District Court explained that, because it disposed of Araoye's claim "on the policy-or-custom requirement of *Monell*, it [was] unnecessary to determine whether Araoye ha[d] made a sufficient case as to the underlying statutory violation." (Dist. Ct. Mem. Op. entered Oct. 31, 2022, at 12.)

[4] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

opening brief has preserved a challenge to the District Court's order dismissing his original complaint, its order dismissing the Title VII and PHRA claims raised in his first amended complaint, or its orders denying his motions to file a second amended complaint. Accordingly, we deem these undeveloped issues forfeited. See United States v. Savage, 970 F.3d 217, 280 n.70 (3d Cir. 2020) (indicating that an appellant forfeits an issue if he fails to raise it in his opening brief or makes only a passing reference to it in that brief). The remainder of our discussion focuses on the District Court's summary-judgment decision.[5]

III.

---

[5] The District Court, in addition to issuing the orders mentioned above, made numerous miscellaneous rulings during the approximately three-and-a-half years that this case was pending before it. To the extent that Araoye has preserved a challenge to one or more of those miscellaneous rulings, he has not shown that the ruling(s) in question should be disturbed.

Among other things, Araoye's opening brief repeatedly refers to the District Court docket number that corresponds to the District Court's order, entered March 5, 2020, granting his motion to file his first amended complaint. In doing so, he appears to argue that, by styling the case caption of that order so that it listed the City as the only defendant, the District Court "wrongfully acquitted" the individual defendants. (See Araoye's Opening Br. 5, 21.) But this argument is meritless. The styling of the case caption did not serve to "acquit" a defendant, let alone "wrongfully acquit" a defendant. And the caption's listing the City as the only defendant was not otherwise error. After all, when the District Court entered its March 5, 2020 order, all of the claims against the individual defendants had already been dismissed, and Araoye's first amended complaint (which was attached to his motion for permission to file) listed the City as the lone defendant.

We review the District Court's summary-judgment decision under a plenary standard. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted).

The District Court, in granting the City's summary-judgment motion, correctly concluded that Araoye could not pursue his § 1981 claim. See McGovern v. City of Philadelphia, 554 F.3d 114, 122 (3d Cir. 2009) (holding that § 1981 does not provide an implied private cause of action against state actors like the City).[6] Furthermore, the District Court did not err in concluding that, to the extent that Araoye's claim of racial discrimination should instead be construed as arising under § 1983, that claim failed on the merits. To prevail on a § 1983 claim against a municipality, the plaintiff must show

---

[6] To the extent that Araoye did not forfeit challenging the District Court's denial of his attempt to add the individual defendants to the § 1981 claim, we find the District Court correctly explained why amendment would have been futile at the motion to dismiss stage.

6

that he suffered a constitutional violation that was caused by the municipality's policy or custom. See Porter v. City of Philadelphia, 975 F.3d 374, 383 & n.45 (3d Cir. 2020) (citing Monell, 436 U.S. at 690); see also id. at 383 & n.46 (explaining that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory" (quoting Monell, 436 at 691)). For substantially the reasons set forth in the District Court's thorough and cogent opinion, we agree with the District Court that Araoye failed to make that showing. (See Dist. Ct. Mem. Op. entered Oct. 31, 2022, at 7-12.)

In view of the above, we will affirm the District Court's judgment.[7] The City's motion to supplement the appendix is granted. Araoye's motion to supplement the appendix is granted to the extent that he seeks to include material from the District Court record, but it is denied to the extent that he seeks to include material outside of that record. See Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (indicating that a party may supplement the record on appeal in only "exceptional circumstances"). To the extent that Araoye asks us to strike the City's brief, that request is denied. Lastly, to the extent that Araoye seeks any other relief from us, that relief is denied, too.

---

[7] To the extent that Araoye argues that the District Court was biased against him, we see no evidence of any bias. See generally Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias").